UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESLEY ALTERAUGE and ) <br> DAWNE´ ALTERAUGE, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> FEDEX GROUND PACKAGE ) <br> SYSTEM, INC., ) <br> ) <br> Defendant. ) | Case No. 4:12-cv-02213-CAS |

## DEFENDANT FEDEX GROUND'S MOTION TO DETERMINE THE VALUE OF MEDICAL TREATMENT

COMES NOW, Defendant FedEx Ground Package System, Inc., through its undersigned counsel, and states the following for its motion seeking the Court to determine, outside the presence and hearing of the jury, the value of the medical treatment rendered to Plaintiff, prior to the trial of this matter:

1.      Plaintiff, Wesley Alterauge, filed his Petition in Missouri State Court, seeking damages allegedly related to a slip and fall while delivering packages for FedEx Ground Package System, Inc.

2.      Plaintiff alleged in his initial disclosures and document production that he has incurred $122,151.20 in medical expenses as a result of the incident. *See Medical Log prepared by Plaintiff's Counsel*, attached hereto as Exhibit A.

3.      Defendant anticipates its orthopedic expert will opine that not all of the treatment following the alleged fall was actually related thereto, however, for purposes

of this motion only, Defendant assumes that the charges set forth by Plaintiff in his responses to Defendant's request for production, $122,151.20, are related to the alleged slip and fall.

4. Pursuant to Section 490.715.5 of the Missouri Revised Statutes, and subsequent case law, "there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered." R.S.Mo. § 490.715.5(2); s*ee also Deck v. Teasley*, 322 S.W.3d 536 (Mo. banc 2010).

5. Plaintiff set forth the following information regarding the amount of medical bills allegedly incurred as a result of the fall:

| | | |
|---|---|---:|
| a. | Phelps County Regional Medical Center: | $81,982.90 |
| b. | Hand Therapy of Central Missouri: | $ 7,557.00 |
| c. | Mercy Clinic Rolla – Orthopedics: | $19,645.00 |
| d. | Orthopedic Associates: | $ 8,343.00 |
| e. | Rolla Family Clinic, previously Rolla Urgent Care: | $ 362.20 |
| f. | ProRehab: | $ 824.32 |
| g. | Wal-Mart Pharmacy: | $ 392.86 |
| h. | Vandivort Drug Pharmacy: | $ 3,233.92 |
| | **Total Billed:** | **$122,151.20** |

6. The total billed as set forth in Plaintiff's responses to request for production differs substantially from the dollar amount necessary to satisfy the

2

financial obligation to the health care providers for treatment rendered to Mr. Alterauge for his alleged injury. The medical providers accepted the following amounts in full satisfaction for treatment rendered:

| | | |
|---|---|---:|
| a. | Phelps County Regional Medical Center: | $ 62,102.66 |
| b. | Hand Therapy of Central Missouri: | $ 6,423.45 |
| c. | Mercy Clinic Rolla – Orthopedics: | $ 16,154.01 |
| d. | Orthopedic Associates: | $ 5,782.55 |
| e. | Rolla Family Clinic, previously Rolla Urgent Care: | $ 372.90 |
| f. | ProRehab: | $ 0.00** |
| g. | Wal-Mart Pharmacy: | $ 392.86 |
| h. | Vandivort Drug Pharmacy: | $ 3,233.92 |
| | **Total Paid:** | **$ 94,492.35** |

*See Medical Billing Records for those items that were reduced,* which are attached to the Summary as Exhibits B through J.

7.     With regard to the charges for Orthopedic Associates, the amount billed and the amount paid should be reduced by $1,400, as the charges reflected in the bill for April 6, 2010, May 20, 2010, and November 3, 2010 relate to an independent medical exam requested by his employer in the workers' compensation matter. In addition, the charges for supplemental reports to the insurance carrier for the workers' compensation matter should not be included in the amount billed or the amount paid. The amount paid for actual treatment rendered by Orthopedic Associates is $5,782.55. *See Ex. H.*

3

8.      The charges from ProRehab should not be included in the amount billed or the amount paid because the charges relate to a Functional Capacity Evaluation. Dr. Burke ordered this evaluation in order to provide the insurance carrier with a disability rating. As such, this bill is not related to treatment and should not be included, however, if the court allows Plaintiff to present evidence of the amount billed by ProRehab, Defendant requests that it be allowed to present evidence of the amount paid in full satisfaction, $480.00. *See Ex. J.*

9.      By application of § 490.715.5(2), the presumptive reasonable value of the medical treatment rendered to Plaintiff is $94,492.35. Moreover, "if the presumption is not rebutted by Plaintiff, the only evidence of the value of medical treatment rendered is the dollar amount necessary to satisfy the financial obligation to the health care providers." *See Deck v. Teasley*, 322 S.W.3d 536, 540 (Mo. banc 2010).

10.     Should Plaintiff produce sufficient and substantial evidence to rebut this presumption, the Court should allow the jury to hear both Plaintiff's evidence of the amount billed for treatment rendered, and Defendant's evidence of the amount required to satisfy the financial obligations to the healthcare providers. *Id.*

11.     Defendant anticipates its expert witness, Dr. Kostman, may provide testimony that certain treatment, surgeries, and charges were not necessary or related to the incident in question. Should Defendant's expert provide such testimony, the value of necessary and reasonable medical expenses presented by Defendant will be reduced to reflect the opinions of its expert witness.

4

12. Defendant hereby attaches and incorporates by reference its Memorandum of Law in Support of this motion, which is filed contemporaneously herewith.

WHEREFORE, Defendant FedEx Ground Package System, Inc., prays that the Court determines the value of the medical services rendered to Plaintiff to be $94,492.35, less any charges Defendant's expert concludes were not related to the fall. Should Plaintiff present substantial evidence to rebut the presumption of reasonableness, FedEx Ground further prays that the Court enter an order ruling that the issue of the value of medical treatment rendered be submitted for determination by the jury.

HEPLERBROOM LLC

By:  *s/John S. McCollough*
 John S. McCollough  #36990MO
 jsm@heplerbroom.com
 Melissa R. Null  #56824MO
 mn1@hepelrbroom.com
 800 Market Street, Suite 2300
 St. Louis, MO 63101
 314-241-6160
 314-241-6116 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:  **David S. Corwin**, **Amanda R. Sher**, Sher Corwin Winters LLC, 190 Carondelet Plaza, Suite 1100, St. Louis, MO 63105.

 *s/John S. McCollough*