UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY ALTERAUGE and<br>DAWNE ALTERAUGE, | ) | |
| | ) | |
| | ) | Case No. 4:12-cv-02213-CAS |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DETERMINE THE VALUE OF MEDICAL TREATMENT

Defendant FedEx Ground Package System, Inc. ("FedEx Ground") filed a motion to determine the value of medical treatment plaintiff Wesley received in connection to the incident underlying this matter, arguing its value is based upon the amount paid to healthcare providers, instead of the amount each provider charged. Plaintiffs argue that the true value of Wes' medical treatment is the reasonable and customary amount each healthcare provider charged for its services.

Defendant has submitted medical bills for Wes' medical treatment, and argues that the amount that was actually paid to satisfy the medical bills represents the value of the medical treatment. Pursuant to RSMo Rev. Stat. §490.715.5, in "determining the value of the medical services rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered." The Missouri Supreme Court examined this statute in 2010 in *Deck v. Teasley*, 322 S.W.3d 536 (Mo. 2010), a case arising out of a traffic incident. The defendant, just as FedEx Ground did in this case,

1

filed a motion to determine the value of medical treatment rendered to the plaintiff, arguing that the value of this treatment was the amount actually paid to the healthcare providers. *Deck*, 322 S.W.3d 536, 537 (Mo. 2010). At the motion's hearing, plaintiff elicited testimony from three healthcare providers, and argued that the value of her treatment was the amount each provider billed for its services. *Id.* at 540. The trial court concluded that the presumption of §490.715.5 had not been rebutted, and accordingly, Deck could not introduce evidence regarding the amount that was billed for her medical services. *Id.* at 538.

The Missouri Supreme Court disagreed, stating that in order to rebut a presumption, a party must produce substantial evidence. *Id.* at 539. The Court believed that the plaintiff's offer of proof was substantial, and therefore, she was entitled to present evidence that the value of her medical treatment was the amount charged for the services. *Id.* at 541-542. The portion of the trial court awarding Deck damages was reversed, and the case was remanded for a new trial on the issues of damages only. *Id.* at 544. The Court stated that the jury should be presented with evidence regarding the amount necessary to satisfy the financial obligation *and* the full amount charged. *Id.* at 540.

In this case, as defendant has submitted medical bills for Wes' treatment, the presumption has been created that the value of the medical services rendered are equal to the amount paid. *Id.* at 539. The burden now shifts to plaintiff to rebut this presumed fact. *Id.*

The true value of the medical services Wes received is the amount each healthcare provider charged for its services. In support of this argument, plaintiffs attach Wes'

medical bills. These bills show that the true value of the medical services provided, the amount actually charged, totals $128,113.20. This amount is larger than represented by defendant, as FedEx did not include medical bills for services rendered by Mercy Family Clinic, Dr. David Myers Family Clinic, PCRMC Medical Group, Mercy Clinic: Internal Medicine and Mercy Clinic: Neurology. Each of these services was related to Wes' medical treatment for his injuries sustained on February 28, 2008. Additionally, defendant also represented a smaller amount than was actually billed by Mercy Clinic Rolla – Orthopedics.

1.  Phelps County Regional Medical Center        $81,982.90

2.  Hand Therapy of Central Missouri             $7,557.00

3.  Mercy Clinic Rolla – Orthopedics            $19,741.00

4.  Orthopedic Associates                        $8,343.00

5.  Rolla Family Clinic                            $362.20

6.  ProRehab                                       $824.32

7.  Mercy Family Clinic                            $819.00

8.  Dr. David Myers Family Clinic                  $277.00

9.  PCRMC Medical Group                          $2,236.00

10. Wal-Mart Pharmacy                              $392.86

11. Vandivort Drug Pharmacy                      $3,233.92

12. Mercy Clinic: Internal Medicine             $1,791.00

13. Mercy Clinic: Neurology                        $553.00

**TOTAL CHARGED:**                            **$128,113.20**

Each of the attached medical records includes an affidavit stating that the charge for

the services was reasonable and customary at the time and place that the service was provided. It further states that the amount billed is the fair value of the medical treatment rendered to Wes. In *Deck*, plaintiff elicited testimony that the amount billed for medical services were customary and reasonable. *Id.* at 540. The affidavits are substantial evidence that the full amount billed is the value of the medical service. Therefore, plaintiffs have adequately rebutted the presumption created by defendant. Accordingly, the jury should be presented with evidence of both the full amount that was charged for the medical services, as well as the amount paid to satisfy the medical bill.

In its motion, defendant further argues that its valuation of the medical services will likely be reduced in light of anticipated testimony from its orthopedic expert that some medical services were not related or were not necessary. Defendant lists two specific examples of medical services that should be further reduced: Orthopedic Associates and ProRehab. The bill for Orthopedic Associates includes the services of communicating with the insurance carrier for the purpose of Wes' worker's compensation matter. The bill for ProRehab includes the services of a Functional Capacity Evaluation. Both of these services are directly related to Wes' physical condition and treatment. Furthermore, it is anticipated that the Functional Capacity Evaluation will be used as evidence by the defense, thereby making the evaluation relevant and probative. Therefore, it should be included in the valuation of this case.

In conclusion, plaintiff submits substantial evidence as to the value of the medical services rendered in this case, and as such, plaintiff successfully rebuts the presumption that the value of the medical services is the amount paid for each service. As such, plaintiff should be allowed at trial to present evidence of how much each healthcare

provider charged for its services.

WHEREFORE, plaintiffs Wesley and Dawne Alterauge pray this Court submits the question of the reasonable value of Wes Alterauge's medical expenses to the jury, using the amounts tendered by plaintiffs, and for such other relief as this Court deems reasonable and proper.

SHER CORWIN WINTERS LLC

By: /s/David S. Corwin
David S. Corwin, #2880
Amanda R. Sher, #5212079
190 Carondelet Plaza, Suite 1100
St. Louis, MO 63105
(314) 721-5200
(314) 721-5201 (fax)
dcorwin@scwstl.com
asher@scwstl.com

*Attorneys for plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was served via US mail on this 8th day of November, 2013 on the following:

John S. McCollough
Melissa R. Null
HeplerBroom, LLC
211 North Broadway, Suite 2700
St. Louis, MO 63102
*Attorneys for defendant*

/s/David S. Corwin