UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WESLEY ALTERAUGE and | ) | |
| DAWNE´ ALTERAUGE, | ) | |
| | ) | Case No. 4:12-cv-02213-CAS |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FEDEX GROUND'S REPLY IN SUPPORT OF ITS
MOTION TO DETERMINE THE
VALUE OF MEDICAL TREATMENT**

COMES NOW, Defendant FedEx Ground Package System, Inc., and for its reply in support of its motion to determine the value of medical treatment, states the following:

**I.      Plaintiff's affidavits do not rebut the presumption regarding all providers:**

Plaintiff attached to his Memorandum in Opposition to Defendant's Motion to Determine the Value of Medical Treatment (Doc. No. 32) 17 Exhibits representing the affidavits and corresponding bills concerning treatment allegedly related to this lawsuit. While the affidavits attached as Exhibit 1 regarding Phelps County Regional Medical Center, Exhibit 9 regarding Rolla Family Clinic, Exhibit 10 regarding ProRehab, Exhibit 12 regarding Dr. David Meyers Family Clinic, and Exhibit 13 regarding PCRMC Medical Group contain statements that the amounts charged represent the value of the medical services rendered, the remaining affidavits contain no such statement.

1

Specifically, the affidavits attached to Plaintiff's Memorandum in Opposition as Exhibit 2 regarding Hand Therapy, Exhibit 3 through 7 regarding St. John's Clinic, Exhibit 8 regarding Orthopedic Associates, Exhibit 11 regarding Mercy Clinic – Dr. Hern, Exhibit 16 regarding Mercy Clinic Internal Medicine, and Exhibit 17 regarding Mercy Clinic Neurology do not contain statements that the amounts billed represent the value of the treatment rendered.

Plaintiff's affidavits fail to rebut the presumption established pursuant to §490.715.5 of the Missouri Revised Statutes that the value of the medical treatment rendered is the amount paid for that treatment. Thus, the evidence regarding the value of medical treatment should be limited to the amount paid regarding the medical providers set forth here. The amounts paid for treatment are reflected here:

| | | |
|---|---|---|
| a. | Hand Therapy of Central Missouri | $ 6,423.45 |
| b. | Mercy Clinic Rolla – Orthopedics: | $16,221.30 |
| c. | Orthopedic Associates | $ 5,782.55 |
| d. | Mercy Clinic – Dr. Hern | $ 354.23 |
| e. | Mercy Clinic Internal Medicine | $ 337.29 |
| f. | Mercy Clinic Rolla Neurology | $ 132.03 |

Accordingly, if Plaintiff is permitted to present evidence regarding treatment by each of the above referenced medical providers, the evidence regarding the value of treatment rendered should be limited to the amounts actually paid for the treatment. *Defendant has attached as Exhibit K* a replication of the table of charges attached as Exhibit

18 to Plaintiff's Memorandum in Opposition to Defendant's Motion, with the addition of the amount paid for each of the services set forth in Plaintiff's original Exhibit.

## II.    Evidence of charges related to non-treatment services should be barred:

Section 490.715.5 specifically states that "Parties may introduce evidence of the **value of the medical treatment rendered** to a party that was reasonable, necessary, and a proximate result of the negligence of any party." R.S.Mo. § 490.715.5 (emphasis added).

In Plaintiff's Memorandum in Opposition to Defendant's Motion to Determine the Value of Medical Treatment, he argues that the entire bill from Orthopedic Associates should be included because the charges are related to medical services. However, the charges for reports to the insurance carrier from Dr. Burke, the charges related to a rating letter, and the charges for the independent medical examination initially performed by Dr. Burke at the request of the workers' compensation insurance carrier do not represent charges for medical treatment rendered to plaintiff. Should Plaintiff be allowed to present evidence of the charges related to evaluations requested by the workers' compensation carrier, rating letters, and reports to the workers' compensation carrier, he will receive a windfall benefit for charges related to litigating his claim. These charges are not related to necessary medical treatment.

Plaintiff makes the same argument regarding charges by ProRehab for the functional capacity evaluation performed at the request of Dr. Burke. The Functional Capacity Evaluation was ordered by Dr. Burke so he could provide the rating letter to the workers' compensation carrier. He was not provided treatment at ProRehab, rather,

3

he was evaluated in order to determine his disability rating for purposes of workers compensation. Allowing Plaintiff to present evidence of the bills related to this evaluation would also result in a windfall benefit for charges related to litigating his claim. These charges are not related to necessary medical treatment.

### III.    Charges for treatment unrelated to Plaintiff's right shoulder must be barred:

Plaintiff's original state court Petition in this matter alleges that he sustained injury to his right shoulder as a result of Defendant's negligence. *See Petition, ¶ 15 (Doc. #6)*. The Petition does not include any claims of injury or damages related to gastrointestinal issues. Plaintiff's initial Rule 26(a)(1) disclosures included an attachment regarding medical services rendered and damages sought related to the alleged incident. *See attachment from initial disclosures, attached hereto as Exhibit L.* The charges set forth in the Rule 26(a)(1) disclosures do not reflect any charges related to gastrointestinal issues. Moreover, during the discovery process, Plaintiff required that medical authorizations be limited to issues related to Plaintiff's right shoulder; therefore, Defendant was unable to gather medical records related to any condition other than the alleged injury to Plaintiff's right shoulder.

Contrary to Plaintiff's Petition, his Rule 26(a)(1) initial disclosures, and the limitations placed on Defendant in collecting medical records, Plaintiff has included charges for treatment unrelated to Plaintiff's right shoulder in his response to Defendant's motion. Specifically, Plaintiff has included charges by Dr. Katie Hern related to urinary obstruction and esophageal issues, totaling $819.00 as reflected in his

Exhibit 11. In his memorandum in opposition, Plaintiff also included charges by Dr. David Meyers for visits related to various items, including constipation, gastroesophageal reflux, and hyperlipidemia, totaling $277.00, as reflected in his Exhibit 12. Plaintiff's Exhibit 13 reflects charges for medical services from PCRMC Medical Group totaling $2,236.00. The charges in Plaintiff's Exhibit 13 appear to be related to a colonoscopy and endoscopy. These charges are wholly unrelated to any treatment to Plaintiff's right shoulder, and must not be included. The charges reflected in Plaintiff's Exhibit 16, totaling $1,791.00, relate to acid reflux treatment, including an upper GI. These charges should not be reflected in the value of medical treatment for injuries related to the incident in question.

Plaintiff has included charges for prescriptions unrelated to treatment for his right shoulder injury, including charges for Pravastatin and Zetia for treatment of high cholesterol, Ranitidine for treatment of ulcers, Diazepam for treatment of anxiety, PEG 3350 for treatment of constipation, Nexium for treatment of GERD, and Fluticasone and ProAir related to allergies and asthma. *See Plaintiff's Ex. 15*. The charges reflected in the bills from Vandivort Pharmacy related to the alleged injury (naproxen, hydrocodone, and nucyntaer) for pain and inflammation total $584.68, rather than the $3,769.83 reflected in the bills for all medications.

In addition, Plaintiff attached bills for prescriptions from Wal-Mart Pharmacy. The charges for all prescriptions listed total $392.86; however, some of the charges predate this incident. In addition, it includes charges for Diazepam. The total for prescriptions post-dating the incident, excluding Diazepam, is $385.04, not $392.86.

5

**IV.     Conclusion:**

Based upon the forgoing, Plaintiff should only be permitted to present the following evidence related to the value of medical treatment rendered to Plaintiff:

|   |   |   |
|---|---|---|
| a. | Phelps County Regional Medical Center: <br> Amount billed | $81,982.90 |
| b. | Hand Therapy of Central Missouri: <br> Amount paid | $ 6,423.45 |
| c. | Mercy Clinic Rolla – Orthopedics: <br> Amount paid | $ 16,154.01 |
| d. | Orthopedic Associates: <br> Amount paid for actual treatment | $ 6,803.00 |
| e. | Rolla Family Clinic, previously <br> Rolla Urgent Care: <br> Amount billed | $ 362.20 |
| f. | ProRehab: <br> Amount paid for actual treatment | $ 0.00 |
| g. | Wal-Mart Pharmacy: <br> Amount paid for related prescriptions | $ 385.04 |
| h. | Vandivort Drug Pharmacy: <br> Amount paid for related prescriptions | $ 584.68 |
|   | **Total** | **$112,695.28** |

Pursuant to *Deck v. Teasley,* 322 S.W.3d 536 (Mo. banc 2010), Defendant should be permitted to offer evidence of the amount required to satisfy plaintiff's obligations to his health care providers for medical treatment allegedly related to the incident contained in Plaintiff's Petition, which are set forth below:

| | | |
|---|---|---|
| a. | Phelps County Regional Medical Center: | $ 62,102.66 |
| b. | Hand Therapy of Central Missouri: | $ 6,423.45 |
| c. | Mercy Clinic Rolla – Orthopedics: | $ 16,154.01 |
| d. | Orthopedic Associates: | $ 5,782.55 |
| e. | Rolla Family Clinic, previously Rolla Urgent Care: | $ 342.90 |
| f. | ProRehab: | $ 0.00 |
| g. | Wal-Mart Pharmacy: | $ 385.04 |
| h. | Vandivort Drug Pharmacy: | $ 584.58 |
| | **Total Paid:** | **$ 91,809.29** |

WHEREFORE, Defendant FedEx Ground Package System, Inc., prays that the Court enter an order limiting Plaintiff's evidence regarding the value of medical treatment to the amounts set forth above, totaling $112,695.28, and to permit Defendant to present evidence regarding the amounts paid to satisfy the obligations of Plaintiff, less any charges Defendant's expert may were not related to the fall.

HEPLERBROOM LLC

By:    s/John S. McCollough
John S. McCollough          #36990MO
jsm@heplerbroom.com
Melissa R. Null          #56824MO
mn1@heplrbroom.com
800 Market Street, Suite 2300
St. Louis, MO 63101
314-241-6160
314-241-6116 fax

**CERTIFICATE OF SERVICE**

   I hereby certify that on November 15, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to the following:  **David S. Corwin**, **Amanda R. Sher**, Sher Corwin Winters LLC, 190 Carondelet Plaza, Suite 1100, St. Louis, MO 63105.

             s/John S. McCollough