UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WESLEY ALTERAUGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:12-CV-2213 CAS |
| v. ) | |
| ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC.,) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a negligence case that was removed from state court. In the petition, plaintiff Wesley Alterauge alleges he worked for an independent trucking company that contracted with defendant FedEx Ground Package System, Inc. ("FedEx"). His job was to deliver FedEx packages on two routes in Franklin County, Missouri. Mr. Alterauge alleges that on February 27, 2008, he was delivering packages in a truck that had been incorrectly loaded by a FedEx employee. The truck was not loaded in accordance with FedEx policy which provided, among other things, that heavy boxes weighing over 50 pounds are to be placed on the floor and box labels are to face forward and outward. Mr. Alterauge alleges that a heavy box was placed on a shelf with the label facing inward. He reached up on the shelf to turn the box to see the label, and when he did so the weight in the heavy box shifted and started to fall from the shelf. Mr. Alterauge alleges that as he attempted to catch the box, with the full weight of it on him, he slipped on the truck's slick floor and fell with the box. As he was falling, Mr. Alterauge's right shoulder struck a shelf, he ultimately fell onto his back and right side, and the heavy box fell on him and his right shoulder  Mr. Alterauge alleges that he suffered permanent and severe injury to his right shoulder as a result.

The case is before the Court on FedEx's Motion for Partial Summary Judgment on Mr. Alterauge's claim for punitive damages in Count I. The motion will be denied without prejudice.

**Legal Standard**

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

**Discussion**

FedEx moves for summary judgment on plaintiff Wesley Alterauge's request for punitive damages in Count I, which asserts a claim of common-law negligence. FedEx contends that there is no evidence to support Mr. Alterauge's claim for punitive damages under Missouri law.

"Under Missouri law, a plaintiff is entitled to punitive damages if the plaintiff proves by clear and convincing evidence that the defendant's conduct was outrageous because of the defendant's evil motive or reckless indifference to the rights of others.  Burnett v. Griffith, 769 S.W.2d 780, 787 (Mo. banc 1989) (quoting Restatement 2d of Torts Sec. 908(2) (1979)); Brady v. Curators of University of Missouri, 213 S.W.3d 101, 107 (Mo. App. 2006)."  Gilliland v. Missouri Athletic Club, 273 S.W.3d 516, 520 (Mo. 2009) (en banc).

The Court finds that FedEx's motion is premature.  Whether Mr. Alterauge can establish that FedEx acted with reckless indifference to the rights of others, such that the jury may be instructed on punitive damages, is more appropriately determined at trial.  It is not in the interests of judicial economy or efficiency to address the issue by means of a dispositive motion at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant FedEx Ground Package System, Inc.'s Motion for Partial Summary Judgment on plaintiff Wesley Alterauge's claim for punitive damages in Count I is **DENIED** without prejudice.  [Doc.41].

 

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  11th   day of December, 2013.