UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WESLEY ALTERAUGE, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | No. 4:12-CV-2213 CAS |
|  | ) |  |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on a Amended Consent Motion for Leave to Substitute Party filed by plaintiff Wesley Alterauge. The motion states that plaintiff Wesley Alterauge asserts a claim in this case for an injury incurred in 2008, that he filed for Chapter 7 bankruptcy in 2009 and was discharged and his bankruptcy case closed prior to the filing of this action. The potential claim that developed into this lawsuit was never scheduled in the bankruptcy case. Wesley Alterauge later filed a motion to reopen his bankruptcy case to file an amended Schedule B to disclose this lawsuit, which motion was granted by the United States Bankruptcy Court for the Eastern District of Missouri.

The Consent Motion states that Wesley Alterauge and the bankruptcy Trustee, E. Rebecca Case, reached a Settlement Agreement concerning this lawsuit, which was approved by the bankruptcy court. The motion further states that under federal bankruptcy law, Ms. Case is the real party in interest for plaintiff Wesley Alterauge and seeks her substitution as party plaintiff in his place.[1]

---

[1] The Consent Motion states that plaintiff Dawne Alterauge, who asserts a claim for loss of consortium in this action and did not file bankruptcy, remains a party plaintiff.

Under federal bankruptcy law, "all legal or equitable interests of the debtor in property as of the commencement of the case" become part of the bankruptcy "estate." 11 U.S.C. § 541(a)(1); In re Ozark Rest. Equip. Co., Inc. (Mixon v. Anderson), 816 F.2d 1222, 1224-25 (8th Cir. 1987). The debtor must list all legal or equitable interests in property on a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(I). "Causes of action are interests in property and are therefore included in the [bankruptcy] estate[.]" In re Senior Cottages of Am., LLC (Moratzka v. Morris), 482 F.3d 997, 1001 (8th Cir. 2007). This includes "all causes of action that the debtor could have brought at the time of the bankruptcy petition." United States ex rel. Gebert v. Transport Admin. Servs., 260 F.3d 909, 913 (8th Cir. 2001). "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." Harris v. St. Louis Univ., 114 B. R. 647, 648 (E.D. Mo. 1990) (quoted case omitted); see also In re Senior Cottages, 482 F.3d at 1001 (bankruptcy trustee has standing to assert causes of action that belonged to the debtor at the time of filing bankruptcy).

The actions that gave rise to this case occurred before plaintiff Wesley Alterauge filed for bankruptcy protection. Mr. Alterauge therefore lacked prudential standing when he filed this suit because, at that time, the claims he asserts were property of the bankruptcy estate. The trustee of his bankruptcy estate was the real party in interest and had exclusive standing to assert the claims against FedEx Ground Package System, Inc. See Martin v. U.S. Bank, 2005 WL 3107722, at *5 (E.D. Mo. Nov. 18, 2005). As a result, Ms. Case as the Trustee of Mr. Alterauge's bankruptcy estate is the real party in interest in this case instead of plaintiff Wesley Alterauge, and the Consent Motion to substitute her as plaintiff will be granted.

2

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Wesley Alterauge's Amended Consent Motion for Leave to Substitute Party is **GRANTED**. [Doc. 66]

**IT IS FURTHER ORDERED** that E. Rebecca Case as Trustee of the bankruptcy estate of Wesley Alterauge is substituted as the real party in interest in this case for plaintiff Wesley Alterauge.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption and short caption of this case to read as follows:

<u>E. Rebecca Case, Trustee of In Re: Wesley Alterauge, and Dawne Alterauge, plaintiffs, v. FedEx Ground Package System, Inc., defendant</u>.

**IT IS FURTHER ORDERED** that the parties shall use the amended case caption on all future filings.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of February, 2014.