## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| E. REBECCA CASE, Trustee of In Re: Wesley Alterauge, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| FEDEX GROUND PACKAGE SYSTEM, INC., | ) ) ) ) |
| Defendant. | ) |

No. 4:12-CV-2213 CAS

### MEMORANDUM AND ORDER

This is a personal injury case that was removed from state court based on diversity jurisdiction, 28 U.S.C. § 1332(a).  The petition alleges that Wesley Alterauge, who worked for an independent trucking company that contracted with defendant FedEx Ground Package System, Inc. ("FedEx"), was injured on February 27, 2008 while attempting to remove a heavy package that had been incorrectly loaded in a truck by a FedEx employee.  Trial is set for May 12, 2014 and FedEx has filed a motion to determine the value of the medical treatment Mr. Alterauge received.

FedEx asks the Court to determine under Missouri Revised Statute § 490.715.5 (Cum. Supp. 2013) that the value of Mr. Alterauge's medical treatment is equal to the dollar amounts actually paid to his medical providers in satisfaction of their bills.  FedEx also asserts that some of the charges for Mr. Alterauge's medical care and prescription medications are unrelated to any treatment he received as a result of the injury alleged in the case, and instead were related to evaluations for purposes of workers' compensation.  FedEx argues that plaintiffs should not be permitted to introduce evidence of those charges.

In opposing the motion, plaintiffs submit seventeen affidavits from health care provider designees that attest, in all but one instance, to the reasonableness of the fees charged at the time and place that services were provided, and the necessity of the services rendered. Plaintiffs assert that the affidavits are sufficient to rebut the presumption created by § 490.715.5. Plaintiffs also respond that all of the charges submitted are directly related to Mr. Alterauge's physical condition and treatment following the injury he suffered on February 27, 2008.

**Discussion**

Section § 490.715.5, Mo. Rev. Stat., states as follows:

(1) Parties may introduce evidence of the value of the medical treatment rendered to a party that was reasonable, necessary, and a proximate result of the negligence of any party.

(2) In determining the value of the medical treatment rendered, there shall be a rebuttable presumption that the dollar amount necessary to satisfy the financial obligation to the health care provider represents the value of the medical treatment rendered. Upon motion of any party, the court may determine, outside the hearing of the jury, the value of the medical treatment rendered based upon additional evidence, including but not limited to:

(a) The medical bills incurred by a party;

(b) The amount actually paid for medical treatment rendered to a party;

(c) The amount or estimate of the amount of medical bills not paid which such party is obligated to pay to any entity in the event of a recovery.

Notwithstanding the foregoing, no evidence of collateral sources shall be made known to the jury in presenting the evidence of the value of the medical treatment rendered.

Mo. Rev. Stat. § 490.715.5. The statute establishes a rebuttable presumption that the amounts actually paid to a medical provider represent the value of a plaintiff's medical treatment. See id.

2

A plaintiff may rebut the presumption, however, by presenting other evidence, including medical bills showing the amounts actually billed by medical providers. See id.

If a plaintiff submits affidavits from medical providers in an effort to rebut the statutory presumption, Mo. Rev. Stat. § 490.525 establishes the requirements for those affidavits:

> 2. Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.
>
> 3. The affidavit shall:
>
> > (1) Be taken before an officer with authority to administer oaths;
> >
> > (2) Be made by the person or that person's designee who provided the service;
> >
> > (3) Include an itemized statement of the service and charge.

Mo. Rev. Stat. § 490.525.

The Missouri Supreme Court has instructed that the trial court's role is limited to determining whether the plaintiff has submitted substantial evidence to rebut the presumption created by § 490.715.5. Deck v. Teasley, 322 S.W.3d 536, 537 (Mo. 2010) (en banc). "To decide whether a presumption is rebutted, the trial judge need only determine that the evidence introduced in rebuttal is sufficient to support a finding contrary to the presumed fact." Id. at 539 (internal quotation marks and quoted source omitted).

Missouri courts have held that the statutory presumption is rebutted when, for example, (1) the plaintiff presented substantial evidence that he or she was responsible for paying either the difference between the amount charged and the amount paid by insurance, or the full amount charged if insurance paid nothing, see Klotz v. St. Anthony's Medical Center, 311 S.W.3d 752, 771

3

(Mo. 2010) (en banc); or (2) the plaintiff submitted health care provider affidavits attesting to the reasonableness of the amounts the plaintiff was billed for medical treatment rendered and the necessity of that treatment, see Berra v. Danter, 299 S.W.3d 690, 695-98 (Mo. Ct. App. 2009); see also Wheeler ex rel. Wheeler v. Phenix, 335 S.W.3d 504, 517-18 (Mo. Ct. App. 2011) (affidavits of custodian of records designated by healthcare provider were sufficient to rebut presumption); but see Hall v. Wal-Mart Stores, East, LP, 316 S.W.3d 428, 430 (Mo. Ct. App. 2010) (plaintiff's affidavits from medical providers submitted pursuant to Mo. Rev. Stat. § 490.525 failed to rebut § 490.715's presumption when "some of [the] affidavits make no mention of the charges or their reasonableness, and some of her charges have no affidavit at all" and because § 490.525 *permits* a court or jury to find the amounts billed were reasonable in accordance with an affidavit, but "it does not so *require*.")

With the exception of the affidavit submitted with the billing records of provider Hand Therapy of Central Missouri, plaintiffs' affidavits meet the standard set by § 490.525.2, because each affidavit was made by a designee of the person who provided the service, and each avers that the amount charged for services rendered was reasonable at the time and place it was provided, and that the service was necessary. Because FedEx did not file controverting affidavits under § 490.525.2, plaintiffs' affidavits are sufficient evidence to support a finding of fact by the jury with respect to the reasonableness and necessity of the charges. See Wheeler, 335 S.W.3d at 518 (where no controverting affidavits were filed, plaintiffs' affidavits that met the requirements of § 490.525 were sufficient evidence to support a finding of fact that the amount charged was reasonable or the service necessary).

Plaintiffs' affidavit from Hand Therapy of Central Missouri's custodian of records purports only to authenticate the billing records as business records, and does not contain any statement that

4

the amounts charged were reasonable at the time and place that the services were provided or that the services were necessary. While it is arguable that medical bills alone could be sufficient evidence under § 490.715.5(2)(a) to rebut the statutory presumption, the Court declines to so hold in this case.

Because plaintiffs have submitted sufficient evidence that the amounts billed by certain medical providers were reasonable and necessary, the Court determines that plaintiffs have rebutted the statutory presumption that the dollar amounts paid to satisfy the financial obligations to those providers represents the value of Mr. Alterauge's medical treatment. Plaintiffs fail to present evidence, however, that the amounts billed by Hand Therapy were reasonable and necessary, so the Court determines that the statutory presumption applies to the value of the medical treatment by that provider. As a result, plaintiffs' evidence of the value of medical treatment rendered, except as to Hand Therapy, and FedEx's evidence of the amount necessary to satisfy the financial obligations, will be admitted at trial for the jury's consideration. With respect to Hand Therapy, only evidence of the dollar amount necessary to satisfy Mr. Alterauge's financial obligation to that provider will be admitted.

FedEx fails to cite any authority for the proposition that exclusion of unrelated medical bills is an issue for the Court to decide on a motion to determine the value of medical treatment under § 490.715.5, and the Court declines to address the issue at this time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant FedEx Ground Package System's Motion to Determine the Value of Medical Treatment is **GRANTED in part** and **DENIED in part**, as follows: Plaintiffs' evidence of the value of medical treatment rendered, except as to provider Hand Therapy of Central Missouri, and FedEx's evidence of the amount necessary to satisfy Mr. Alterauge's

financial obligations, will be admitted at trial for the jury's consideration. With respect to provider Hand Therapy, only FedEx's evidence of the dollar amount necessary to satisfy the financial obligation to that provider will be admitted. [Doc. 29]

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of April, 2014.